# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MIRACLE WASHAM, | : |
| Plaintiff, | : |
| vs. | : CA No. 1:17-cv-00223-WS-C |
| U.S. OUTFITTERS, LLC, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge, *sua sponte*, for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on the Court's August 25, 2017, Order, (Doc. 10). Upon consideration of the procedural background, it is recommended Plaintiff Miracle Washam's claims against Defendant Mike Eatman should be dismissed without prejudice for failure to perfect service pursuant to Rule 4(m), Federal Rules of Civil Procedure, (hereinafter "FRCP" followed by the Rule number), and failure to prosecute pursuant to FRCP 41(b).

## PROCEDURAL BACKGROUND

Plaintiff Washam originally filed her Complaint with this Court on May 17, 2017, and asserted claims against Defendants U.S. Outfitters, LLC, ("U.S. Outfitters") and Mike Eatman. (Doc. 1). Plaintiff Washam was ordered to perfect service on or before July 3, 2017. (Doc. 2). Summonses were issued for Defendants U.S. Outfitters and Eatman on May 22, 2017, and

May 30, 2017, respectively. (Docs. 4 & 6). Plaintiff Washam filed her Response to Service Order on July 20, 2017, in which she stated she did not perfect service on the defendants. (Doc. 7). Accordingly, the Court entered an Order on August 21, 2017, ("show cause order") in which Plaintiff Washam was ordered to show cause, on or before August 25, 2017, why her claims should not be dismissed without prejudice for noncompliance with FRCP 4(m) and failure to prosecute pursuant to FRCP 41(b). (Doc. 8). Plaintiff Washam filed her response to the Court's show cause order on August 24, 2017, in which she documented her efforts to perfect service on Defendant U.S. Outfitters without detailing her efforts to perfect service on Defendant Eatman and requested "leave of this court to continue her efforts to service this complaint." (Doc. 9, at 1-2). On August 25, 2017, the Court ordered Plaintiff Washam to perfect service on Defendants U.S. Outfitters and Eatman on or before September 25, 2017. (Doc. 10). As of the date of this Order, Defendant Mike Eatman has not been served and Plaintiff Washam has not filed a motion for extension of time to perfect service. (*See* Docket Sheet).

## CONCLUSIONS OF LAW

### A. Failure to Perfect Service.

FRCP 4(c)(1) provides "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FRCP

4(m) provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff Washam was responsible for serving Defendant Eatman not later than August 16, 2017, which was ninety (90) days after the Complaint was filed. In Plaintiff Washam's Response to Service Order, she informed the Court she had not perfected service on the defendants, (Doc. 7), and the deadline for her to perfect service was, eventually, extended to September 25, 2017, (Doc. 10). As of the date of this Report and Recommendation, two-hundred and eighteen (218) days after the filing of the Complaint, proof of service has not been filed.

Accordingly, it is recommended the Court **DISMISS WITHOUT PREJUDICE** Plaintiff Washam's claims against Defendant Eatman for failure to perfect service pursuant to FRCP 4(m).

### B. Failure to Prosecute.

An action may be dismissed if the plaintiff fails to prosecute it or if she fails to comply with any court order. *See* FED. R. CIV. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has

3

authority under Federal Rules of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Here, the Plaintiff Wash has failed to comply with the Court's August 25, 2017, Order that extended the deadline to file proof of service of the defendants on or before September 25, 2017. (Doc. 10). As of the date of this Report and Recommendation, proof of service of Defendant Eatman has not been filed with the Court. (*See* Docket Sheet).

Accordingly, it is recommended the Court **DISMISS WITHOUT PREJUDICE** Plaintiff Washam's claims against Defendant Eatman for failure to comply with a court order pursuant to FRCP 41(b).

## CONCLUSION

The Magistrate Judge is of the opinion Plaintiff Washam's claims against Defendant Eatman should be **DISMISSED WITHOUT PREJUDICE** for failure to perfect service pursuant to FRCP 4(m) and failure to comply with a court order pursuant to FRCP 41(b).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit

4

Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 28th day of December 2017.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**